Andrew Rafter, Esq.
WARD & RAFTER, LLP
20 Commerce Drive Suite 135
Cranford, New Jersey 07016
arafter@wardrafter.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

BARRY'S AUTO BODY OF NY LLC,                          :     Civil Action No.
                                                      :
                    Plaintiff                         :
                                                      :            COMPLAINT
       - against –                                    :

ALLSTATE FIRE & CASUALTY INSURANCE            PLAINTIFF DEMANDS A
COMPANY. INC.,  ALLSTATE  INSURANCE                TRIAL BY JURY
COMPANY,
                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff, BARRY'S AUTO BODY OF NY LLC ("Plaintiff"), by and through its
attorneys, WARD & RAFTER LLP as and for its Complaint against ALLSTATE FIRE &
CASUALTY INSURANCE COMPANY,  and ALLSTATE INSURANCE COMPANY
("Defendants"), hereby states and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action brought pursuant to New York State Common Law and General
Business Law 349 based allegations of breach of contract and deceptive business practices
arising under standard form automobile insurance contracts issued by Defendants in the State of
New York. Plaintiff brings this action both in its individual capacity and as an Assignee pursuant
to assignments obtained from individual customers.

## PARTIES

2.     Plaintiff is a Domestic Limited Liability Company duly formed and authorized to transact

business under the laws of the State of New York with its principal place of business located at 4301 Amboy Road, Staten Island, New York, 10304.

3.      Upon Information and belief, defendant Allstate Fire & Casualty Insurance Company ("Allstate") is a foreign insurance company authorized to sell insurance within the state of New York and with a principal place of business located at 1125 RXR Plaza Uniondale, New York 11553.

4.      Upon information and belief, defendant Allstate Insurance Company ("Allstate Insurance") is a foreign insurance company authorized to sell insurance within  the State of New York and with a principal place of business located at 1125 RXR Plaza Uniondale, New York, 11553.

## JURISDICTION AND VENUE

5.      This action is between citizens of different states. The amount in controversy exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. §1332.

6.      Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the actions, events, and omissions giving rise to this action took place within the jurisdiction of this Court.

## DEMAND FOR TRIAL BY JURY

7.      Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury.

## FACTS COMMON TO ALL CAUSES OF ACTION

8.      Plaintiff is the Assignee of personal property damage claims as well as all other claims arising out of the repair of their vehicles (including GBL 349 claims) by the following persons ("First Party Assignors"), each of whom brought their vehicles to Plaintiff for repairs. As

indicated below, each of the following Assignors was an insured of Allstate Fire and Casualty or

Allstate Insurance (collectively the "Allstate Defendants):

|    | Assignor            | Policy No.  | Claim No.  |
|----|---------------------|-------------|------------|
| 1  | Assenato, Peter     | 978360618   | 0737104174 |
| 2  | Balistiere, Samantha| 943586625   | 0745726844 |
| 3  | Blum, Jaci          | 933744073   | 0745030106 |
| 4  | Bosek, Rosemarie    | 043086328   | 0743781262 |
| 5  | Camacho, Theresa    | 903811868   | 0737652016 |
| 6  | Cavaliere, Diane    | 03632994    | 0729495738 |
| 7  | Ciavola, Rosemarie  | 943439106   | 0730506086 |
| 8  | Coffey, Matthew     | 978911460   | 0744380668 |
| 9  | Cohen, Bernard      | 978108403   | 0734941347 |
| 10 | Costabile, Gerald   | 978810995   | 0736391913 |
| 11 | Crocco, Marie       | 978485879   | 0746931492 |
| 12 | Cummings, Debra     | 933418906   | 0737425140 |
| 13 | Curci, Theresa      | 978961502   | 0743812638 |
| 14 | Demola, Joanne      | 978568574   | 0733769749 |
| 15 | Dewling, Michelle   | 983037415   | 0738523315 |
| 16 | DiNatale, Angela    | 943707667   | 0735695800 |
| 17 | Dugan, Krista       | 978487432   | 0732753769 |
| 18 | Fauci, Anthony      | 903624825   | 0747237139 |
| 19 | Festa, Ronald       | 983120243   | 0745612002 |
| 20 | Galbo, Frank        | 9337566312  | 0740823141 |
| 21 | Galbo, Susan        | 9337566312  | 0743150385 |

| 22 | Guddemi, Paola | 913956192 | 0743305518 |
|----|----------------|-----------|------------|
| 23 | Guttilla, Lillian | 978195264 | 0733891584 |
| 24 | Induddi, Scott | 978207884 | 073985341 |
| 25 | Kotsonis, Allison | 978547344 | 0732561949 |
| 26 | Maroney, Louise | 043588972 | 0732718408 |
| 27 | Marotta, Carol | 943174840 | 0745929307 |
| 28 | Maxwell, Barbara | 43584681 | 0730336799 |
| 29 | McHenry, Lisa | 903295911 | 0737665380 |
| 30 | Meyers, Martha | 943681252 | 0742722985 |
| 31 | Monier, Philip | Unknown | 0727698697 |
| 32 | Murphy, Michael | 978332248 | 0728548199 |
| 33 | Nyhus, Catherina | 903121977 | 0729733401 |
| 34 | Piazza, Elizabeth | 978547344 | 0692059728 |
| 35 | Pipitone, Rosi | 078827755 | 0743131559 |
| 36 | Porcelli, Nat | 943502136 | 0741243513 |
| 37 | Racanelli, Vincent | 913248530 | 0731762381 |
| 38 | Raiola, Joseph | 978431698 | 0746222132 |
| 39 | Reynolds, Scott | 943158227 | 0721950194 |
| 40 | Roma, Thomas | 933898241 | 0734770761 |
| 41 | Ryan, Kerri Ann | 978405447 | 0739483030 |
| 42 | Schuler, Dennis | 943337856 | 0739901527 |
| 43 | Soliman, Safwat | 983126100 | 0745096890 |
| 44 | Speciale, Dean | 978342950 | 0727791139 |
| 45 | Thaten, Pauline | 978638506 | 0730342482 |

| 46 | Venditti, Anthony | 983086134 | 0743652711 |
| 47 | Vento, Anthony | 933768243 | 729475368 |
| 48 | Vitiello, John | | 74117471 |
| 49 | Vourlos, Kathleen | 909974473 | 0735727190 |

9.      At all times relevant to this Complaint, the policies for each of Allstate Defendants' insureds listed above (collectively the "Policies") were in effect.

10.     The Policies at issue were standard form automobile insurance policies, which contain essentially the same terms of all insureds within the State of New York.

11.     Plaintiff is also the Assignee of GBL 349 Claims (as well as all other claims) by the following persons ("Third Party Assignors"), each of whose vehicles were damaged by vehicles insured by the Allstate Defendants, and for whom the Allstate Defendants accepted liability and agreed to pay for motor vehicle repairs pursuant to their policies of automobile insurance.

| | Assignor | Claim No. | VIN No. |
|---|---|---|---|
| 1 | Castellano, Jos. | 0740092655 | 1C6RRFFGXKN874406 |
| 2 | Comiskey, Evel. | 0744061797 | JN8AT2MV2KW386793 |
| 3 | Cusano, Judith | 0737852764 | 3MVDMBBM4RM600434 |
| 4 | Franzese, Gerri | 0738506385 | KL7CJKSB6GB758057 |
| 5 | Haran, Stephen | 0728506972 | 4JGDA5HB1JB159595 |
| 6 | Kepley, Steven | 0732297162 | 1GYKNCRS1KZ163913 |
| 7 | Leo, John | 072174562 | JTJHZKFA9N2037755 |
| 8 | McKernan, Wil. | 0728548199 | KL7CJNSB2LB087170 |
| 9 | Mercado, L | 0739385201 | 1HGCR2F36DA035997 |
| 10 | Parente, Danielle | 747007986 | KM8K3CAB9NU898790 |

| 11 | Sannicandro, L. | 0727891558 | 5N1ATBBXMC734043 |
| 12 | Segreto, Lisa | 0741928857 | 3CZRU6H72GM730316 |

12.     That for each of the above claims, these Policies provided insurance coverage for property damage to the automobiles listed above.

13.     For each of the Assignors, the Allstate Defendants provided only partial payment for the property damage claims specified above.

14.     That in each claim set forth above, the Allstate Defendants were obligated to provide sufficient coverage to restore the Assignors' Vehicles to the same condition they were in immediately prior to the Accidents.

15.     That each of the Assignors made the Plaintiff his/her designated representative as provided for by Regulation.

16.     That with respect to each of the Vehicles, Plaintiff provided the Allstate Defendants with Estimates that reflected the amount necessary for proper repair of the Vehicle and/or to return the Vehicle to its pre-accident condition.

17.     That with respect to each of the Vehicles set forth above, the Allstate Defendants provided Plaintiff with copies of its Estimate for Repairs (the "Insurer's Estimates").

18.     That Plaintiff sent final bills to the Allstate Defendants with demand for payment in full.

19.     The Insurer's Estimates were insufficient to repair the Vehicles to their pre-accident condition as required by New York State Insurance Laws and Regulations.

20.     That each of the Assignors assigned to Plaintiff all claims against the Allstate Defendants arising out of the repair of their vehicles including, but not limited to, their respective property damage claims against Allstate and any claims pursuant to GBL 349.

## **Allstate Defendants' Claims Practices**

21.    That at all times mentioned herein, Allstate Defendants used improper methods for calculating the number of hours of labor required to repair the Vehicles, including without limitation, refusing to pay for certain necessary repairs, refusing to allow hours for items which were recommended by the manufacturer guidelines and/or best practices, and refusing to account for the published guidelines that are generally accepted within the automotive insurance repair industry.

22.    That in preparing the Insurer's respective Estimates to repair the Vehicles, Allstate Defendants set arbitrary price caps on the amount it would pay per unit for: labor costs to repair the Vehicles, paint materials such as primers and fillers, and body shop materials.

23.    The capped labor rates set by Allstate Defendants were far below market rate.

24.    As a result of the above-described improper policies, practices and procedures, the Insurer's Estimates did not provide sufficient coverage to repair the Vehicles to their pre-accident condition as Allstate was obligated to do under both the applicable insurance policy and New York State law.

25.    Upon information and belief, in each of the claims, specified above, Allstate Defendants misrepresented to the Assignors that another repair shop would repair the Vehicles to their pre-accident condition for the amount in Allstate Defendants' Estimates, but that these statements were materially false insofar as no other shop had previously inspected the Vehicles and/or agreed to accept Allstate Defendants' estimates. Such statements were also materially false insofar as Allstate Defendants failed to disclose that such other shops reserved the right to exceed Allstate Defendants' estimates.

26.    That Plaintiff served Allstate Defendants with notice of the deficiency amounts due and

owing on each of the aforementioned vehicles and demanded payment of the amounts due.

27.     That Defendants jointly and severally impeded and delayed fair settlement of the Assignor's claims by using improper costs schedules, setting arbitrary price caps, refusing to negotiate in good faith on labor rates, refusing to pay appropriate amounts for paint materials and parts, and by otherwise failing to inspect or re-inspect the Vehicles within the time frames specified by regulation.

28.     That Plaintiff completed the repairs to the Vehicles that were necessary to constitute a proper repair and/or restore them to their pre-accident condition.

29.     That in each of the above referenced Claims, Allstate Defendants made only a partial payment and failed to pay Plaintiff for the full amount actually required to for a proper repair and/or to restore the Vehicles to their pre-accident condition.

30.     That the deficiencies currently due and owing to Plaintiff as a result of its repair of the First Party Assignors' vehicles are as follows:

|   | Assignor | Claim No. | Deficiency |
|---|---|---|---|
| 1 | Assenato, Peter | 0737104174 | $8,359.26 |
| 2 | Balistiere, Samantha | 0745726844 | $16,458.60 |
| 3 | Blum, Jaci | 0745030106 | $9,478.46 |
| 4 | Bosek, Rosemarie | 0743781262 | $12,958.17 |
| 5 | Camacho, Theresa | 0737652016 | $11,109.44 |
| 6 | Cavaliere, Diane | 0729495738 | $9,413.20 |
| 7 | Ciavola, Rosemarie | 0730506086 | $9,706.42 |
| 8 | Coffey, Matthew | 0744380668 | $13,375.50 |
| 9 | Cohen, Bernard | 0734941347 | $8,592.67 |

| 10 | Costabile, Gerald | 0736391913 | $10,017.75 |
| 11 | Crocco, Marie | 0746931492 | $10,573.94 |
| 12 | Cummings, Debra | 0737425140 | $7,695.93 |
| 13 | Curci, Theresa | 0743812638 | $13,264.31 |
| 14 | Demola, Joanne | 0733769749 | $10,191.28 |
| 15 | Dewling, Michelle | 0738523315 | $15,857.03 |
| 16 | DiNatale, Angela | 0735695800 | $14,498.28 |
| 17 | Dugan, Krista | 0732753769 | $13,236.54 |
| 18 | Fauci, Anthony | 0747237139 | $10,280.13 |
| 19 | Festa, Ronald | 0745612002 | $13,876.05 |
| 20 | Galbo, Frank | 0740823141 | $11,600.77 |
| 21 | Galbo, Susan | 0743150385 | $12,804.00 |
| 22 | Guddemi, Paola | 0743305518 | $10,284.15 |
| 23 | Guttilla, Lillian | 0733891584 | $10,166.72 |
| 24 | Induddi, Scott | 073985341 | $10,237.34 |
| 25 | Kotsonis, Allison | 0732561949 | $18,661.99 |
| 26 | Maroney, Louise | 0732718408 | $14,015.76 |
| 27 | Marotta, Carol | 0745929307 | $20,780.06 |
| 28 | Maxwell, Barbara | 0730336799 | $17,361.35 |
| 29 | McHenry, Lisa | 0737665380 | $14,997.46 |
| 30 | Meyers, Martha | 0742722985 | $10,584.73 |
| 31 | Monier, Philip | 0727698697 | $9,638.17 |
| 32 | Murphy, Michael | 0728548199 | $9,515.50 |
| 33 | Nyhus, Catherina | 0729733401 | $6,405.28 |

| | | | |
|---|---|---|---|
| 34 | Piazza, Elizabeth | 0692059728 | $8,299.03 |
| 35 | Pipitone, Rosi | 0743131559 | $10,900.81 |
| 36 | Porcelli, Nat | 0741243513 | $12,023.13 |
| 37 | Racanelli, Vincent | 0731762381 | $16,293.40 |
| 38 | Raiola, Joseph | 0746222132 | $12,840.37 |
| 39 | Reynolds, Scott | 0721950194 | $12,291.75 |
| 40 | Roma, Thomas | 0734770761 | $18,512.39 |
| 41 | Ryan, Kerri Ann | 0739483030 | $9,917.38 |
| 42 | Schuler, Dennis | 0739901527 | $14,037.51 |
| 43 | Soliman, Safwat | 0745096890 | $18,051.88 |
| 44 | Speciale, Dean | 0727791139 | $11,958.79 |
| 45 | Thaten, Pauline | 0730342482 | $8,953.83 |
| 46 | Venditti, Anthony | 0743652711 | $14,025.07 |
| 47 | Vento, Anthony | 729475368 | $12,028.65 |
| 48 | Vitiello, John | 74117471 | $23,041.22 |
| 49 | Vourlos, Kathleen | 0735727190 | $15,287.48 |
| | **TOTAL 1st Party Deficiencies** | | **$614,459.33** |

31.    That the deficiencies currently due and owing to Plaintiff as a result of its repair of the

Third Party Assignors' vehicles are as follows:

| | Assignor | Claim No. | Deficiency |
|---|---|---|---|

| 1 | Castellano, Jos. | 0740092655 | $19,813.83 |
|---|---|---|---|
| 2 | Comiskey, Evel. | 0744061797 | $7,050.25 |
| 3 | Cusano, Judith | 0737852764 | $8,135.39 |
| 4 | Franzese, Gerri | 0738506385 | $18,413.55 |
| 5 | Haran, Stephen | 0728506972 | $6,544.52 |
| 6 | Kepley, Steven | 0732297162 | $11,914.34 |
| 7 | Leo, John | 072174562 | $7,010.16 |
| 8 | McKernan, Wil. | 0728548199 | $7,614.68 |
| 9 | Mercado, L | 0739385201 | $15,454.91 |
| 10 | Parente, Danielle | 747007986 | $7,925.50 |
| 11 | Sannicandro, L. | 0727891558 | $5,800.52 |
| 12 | Segreto, Lisa | 0741928857 | $14,618.65 |
| | **Total 3rd Party Deficiencies** | | **$122,160.91** |

## **FIRST CLAIM FOR RELIEF**

(Breach of Contract against Defendant Allstate Fire and Casualty Insurance Company)

32.    Plaintiff repeats and reiterates paragraphs 1 through 27 of the Complaint as if fully set forth herein at length.

33.    That Assignors were each in privity of contract with Allstate as a result of the insurance policies issued by Allstate that were in effect on of the loss.

34.    That Pursuant to its insurance Policies, Allstate was obligated to provide sufficient coverage to pay for a proper repair and/or to restore the Assignors' Vehicles to their pre-accident condition.

35.     That Allstate has failed and refused to pay the deficiencies for repairs on these Assignors'
Vehicles in the total sum of $614,459.33 in violation of its contractual obligation under the
Policies.

36.     That Allstate's refusal to pay the full cost to repair, damaged the Assignors, who were
billed for the full amount necessary to repair their respective Vehicles to their pre-accident
condition, was a breach of its contract to insure its policy holders for such claims.

37.     As set forth above, Plaintiff is the Assignee of each of the Assignors' claims against
Allstate.

38.     As a result of the foregoing, Plaintiff is entitled to damages from Allstate in the amount
of $614,459.33, plus interest.

## SECOND CLAIM FOR RELIEF

(Breach of Contract against Defendant Allstate Insurance Company)

39.     Plaintiff repeats and reiterates paragraphs 1 through 34 of the Complaint as if fully set
forth herein at length.

40.     That Assignors were each in privity of contract with Allstate Insurance Company as a
result of the insurance policies (the "policies") issued by Allstate Insurance Company that were
in effect on of the loss.

41.     That Pursuant to these Policies, Allstate Insurance was obligated to provide sufficient
coverage to pay for a proper repair and/or to restore the Assignors' Vehicles to their pre-accident
condition.

42.     That Allstate Insurance has, despite demand by plaintiff, failed and refused to pay the
deficiencies for repairs on these Assignors' Vehicles in the total sum of $614,459.33 in violation
of its contractual obligation under the Policies.

43.     That Allstate Insurance's refusal to pay the reasonable cost to repair, damaged the Assignors, who were billed for the full amount necessary to repair their respective Vehicles to their pre-accident condition, was a breach of its contract to insure its policy holders for such claims.

44.     As set forth above, Plaintiff is the Assignee of each of the Assignors' claims against Allstate Insurance.

45.     As a result of the foregoing, Plaintiff is entitled to damages from Allstate in the amount of $614,459.33, plus interest.

### THIRD CLAIM FOR RELIEF
(VIOLATION OF GENERAL BUSINESS LAW§349 AGAINST ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY)

46.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 41 as if fully set forth herein at length.

47.     That during the relevant time period when the claims herein arose, Plaintiff has had numerous dealings with Defendant Allstate for insurance claims for repairs to its Insureds' vehicles, as well as claims by Third Parties whose vehicles were damaged by Allstate's Insureds, pursuant to insurance policies issued by Allstate.

48.     That Allstate has over this period of time consistently and systematically provided lower estimates of the cost of repairs than what is actually the reasonable cost of repairing a given vehicle to its pre-loss condition.

49.     That Allstate has continually deceived its insureds and third parties whose vehicles were damaged by Allstate's insureds, by purporting to honor its contractual obligation to pay the reasonable cost to repair the vehicles while simultaneous employing covert, deceptive and subversive tactics that are intended to avoid its contractual obligations.

50.    These tactics include but are not limited to, using inappropriate methods of determining the number of hours of labor, the arbitrary capping of labor rates, arbitrary capping of paint and materials, refusing to pay for body shop materials, all items required by trade manuals that are generally accepted in the field of auto body repair.

51.    Allstate has also repeatedly and continuously deceived its consumers and third parties regarding the availability of other repair shops that would put the vehicle to its pre-loss condition for the amount of Allstate's estimate.

52.    Allstate has also continuously used misrepresentations about Plaintiff, the quality of its workmanship,  and its staff as in order to undermine and damage Plaintiff's credibility with its customers.

53.    Allstate has continuously engaged in "steering" where it pressures its insureds and third parties whose vehicles were damaged by its insureds, not to use Plaintiff's shop and instead pressures them to use repair shop(s) recommended by Allstate, resulting in additional damages in the form of lost business

54.    That as a result of the foregoing policies of Allstate, which affected all general consumers and customers of Allstate, Allstate has violated General Business Law $§ 349$ by misrepresenting its coverage to its insureds while engaging in the unfair claims practices as described above and by arbitrarily and improperly refusing to pay the actual amounts reasonably necessary to restore each Vehicle to its pre-loss condition on both the First Party and Third Party assignors' claims.

55.    That Allstate's ongoing deceptive business practices are in violation of GBL §349.

56.    That Allstate's misrepresentations to its insureds, to third parties whose vehicles were damaged by Allstate's insureds, and its failure to provide the benefits contracted for in its insurance policies constitute a deceptive business practice within the meaning of GBL §349.

57.     That Plaintiff's Assignors are Allstate insureds or third parties, who are consumers who have been targeted and injured by the deceptive actions of Allstate.

58.     That Plaintiff has been directly injured because it has not been paid the actual cost of repairs that were completed on the Vehicles and which were reasonably necessary to restore the Vehicles to their pre-loss condition.

59.     As a result of the foregoing, Allstate has violated GBL 349 and Plaintiff is entitled to damages on its direct claims for each violation provided herein (or in the alternative as Assignee of the claims of its Assignors), totaling at least $736,620.24, with the actual amount to be determined at trial, as well as reasonable attorneys' fees as provided for by the statute and interest.

### FOURTH CLAIM FOR RELIEF

(VIOLATION OF GENERAL BUSINESS LAW§349

AGAINST ALLSTATE INSURANCE COMPANY)

60.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 55 as if fully set forth herein at length.

61.     That during the relevant time period set forth herein, Plaintiff has had numerous dealings with Defendant Allstate Insurance for insurance claims for repairs to its insureds' vehicles, as well as vehicles owned by third parties that were damaged by Allstate Insurance's insureds, pursuant to insurance policies issued by Allstate Insurance.

62.     That Allstate Insurance has over this period of time consistently and systematically provided lower estimates of the cost of repairs than what is actually the reasonable cost of repairing a given vehicle to its pre-loss condition.

63.     That Allstate Insurance has continually engaged in unfair claims practices as described above, including using inappropriate methods of determining the number of hours of labor, the

arbitrary capping of labor rates, arbitrary capping of paint and materials, refusing to pay for body shop materials, and misleading consumers regarding the availability of other repair shops that would put the vehicle to its pre-loss condition for the amount of Allstate Insurance's estimate.

64.     That Allstate Insurance has continuously engaged in "steering" where it pressures its insureds and third parties whose vehicles were damaged by its insureds, not to use Plaintiff's shop and instead pressures them to use repair shop(s) recommended by Allstate Insurance, resulting in additional damages in the form of lost business.

65.     That as a result of the foregoing policies of Allstate Insurance, which affected all general consumers and customers of Allstate Insurance as well as Third Parties whose vehicles were damaged by Allstate insureds, Allstate Insurance has violated General Business Law §349 by misrepresenting its coverage to its insureds and third parties while engaging in the unfair claims practices as described above and by arbitrarily and improperly refusing to pay the actual amounts reasonably necessary to restore each Vehicle to its pre-loss condition.

66.     That Allstate Insurance's ongoing deceptive business practices are in violation of GBL §349.

67.     That Allstate Insurance's failure to negotiate in good faith repair claims by its Insureds and third parties constitute a deceptive business practice within the meaning of GBL §349.

68.     That all of Plaintiff's Assignors referenced herein are consumers who have been targeted by the deceptive actions of Allstate Insurance.

69.     Plaintiff has been injured because it has not been paid the actual cost of repairs that were completed on the Vehicles and which were reasonably necessary to restore the Vehicles to their pre-loss condition.

70.     As a result of the foregoing, Allstate Insurance has violated GBL 349 and Plaintiff is entitled

to actual damages on its direct claims for each violation provided herein (or in the alternative as Assignee of the claims of its Assignors), totaling at least $736,620.24 with the total amount to be determined at trial, as well as reasonable attorneys' fees as provided for by the statute.

WHEREFORE, Plaintiff demands judgment against Defendant Allstate Fire and Casualty Insurance Company for the sum of $614,459.33 on its First Claim for Relief; judgment against Defendant Allstate Insurance Company for the sum of $614,459.33 on its Second Claim for Relief; judgment against Allstate Fire and Casualty Insurance Company in the sum of at least $736,620.24 and reasonable attorneys' fees on its Third Claim for Relief; judgment against Allstate Insurance Company in the sum of at least $736,620.24 plus reasonable attorneys' fees on its Fourth Claim for Relief, plus, the costs and disbursements of this action, and for such other and further relief as to the Court may deem just and proper.

Dated:  Cranford, New Jersey
        December 9, 2024

                                    Yours, etc.

                                    WARD & RAFTER LLP.
                                    Attorneys for Plaintiff

                                    By:_____
                                      Andrew A. Rafter, Esq.
                                      56 Manchester Lane
                                      Stony Brook, NY 11790

                                    NJ Office:
                                      20 Commerce Drive Suite 135
                                      Cranford, New Jersey 07016
                                      (908) 312-1517
                                      arafter@wardrafter.com