UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BARRY'S AUTO BODY OF NY LLC.,

Plaintiff,

-against-

ALLSTATE FIRE & CASUALTY INSURANCE COMPANY INC., ALLSTATE INSURANCE COMPANY,

Defendants.

**MEMORANDUM AND ORDER**
Case No. 24-cv-08437 (FB) (MMH)

*Appearances:*
*For the Plaintiff:*
ANDREW ASHTON RAFTER
Ward & Rafter LLP
20 Commerce Dr., Suite 135
Crawford, NJ 07016

*For the Defendants:*
LAURA J GINDELE
MICHEAL P WELCH
OREN SILVERMAN
Rivkin Radler LLP
926 Reckson Plaza
Uniondale, NY 11556

**BLOCK, Senior District Judge:**

Plaintiff Barry's Auto Body of NY LLC ("Barry's") brought this action against Allstate Fire & Casualty Insurance Company and Allstate Insurance Company (collectively, "Allstate"), alleging breach of contract and violation of New York General Business Law § 349.[1] Allstate moves to dismiss 36 of the 61 underlying claims under Federal Rule of Civil Procedure 12(b)(6). For the

[1] This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1), as Barry's is an LLC whose members are all citizens of New York, while Allstate Insurance Company and Allstate Fire & Casualty Insurance Company are Illinois corporations with their principal places of business in Illinois. Dkt. 6.

following reasons, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART.**

## I. Background

Barry's, an automobile repair shop, is the assignee of 49 insurance claims for automobiles insured by Allstate. Compl. ¶¶ 8–10. Barry's is also the assignee of 12 claims arising under GBL § 349 from individuals whose vehicles were damaged by vehicles insured by Allstate and for whom Allstate accepted liability and agreed to pay. *Id.* ¶ 11. Allstate refused to pay in full on each of the 61 claims, resulting in deficiencies totaling $736,620.24. *Id.* ¶¶ 30–31.

Barry's alleges that Allstate's repair estimates were insufficient to restore the vehicles to their pre-accident condition because Allstate miscalculated labor hours and set arbitrary price caps, far below market rates, on labor and materials. *Id.* ¶¶ 21–24. Barry's completed the repairs and demanded the deficiency amounts, but Allstate paid only in part. *Id.* ¶¶ 26, 28–29. Barry's also alleges that, in connection with the 12 assigned § 349 claims, Allstate falsely told the assignors that another repair shop would restore their vehicles to pre-accident condition for the amount in Allstate's estimates, when no other shop had inspected the vehicles or agreed to those estimates. *Id.* ¶ 25.

In response, Allstate moves to dismiss the 24 breaches of contract claims for being time barred, 2 for falling to name a proper defendant, and the 12 GBL § 349 claims, encompassing claims by third party assignors, for failure to state a claim. [2] Dkt. 20-31 at 7–19.

## II. Discussion

To survive a 12(b)(6) motion to dismiss for failure to state a claim, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a motion to dismiss, the court accepts as true all well-pled factual allegations and draws all reasonable inferences in the non-moving party's favor. *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). On a Rule 12(b)(6) motion, a court may consider the complaint's allegations, its exhibits, and documents it incorporates by reference, and may also consider documents the complaint relies on heavily so long as no one disputes their authenticity or accuracy and no material factual disputes exist about their relevance. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). Here, the Court considers the copies of the Allstate insurance policy and the certificates of automobile repair forms with demand letters that Allstate provided, because no one disputes their authenticity or accuracy and the complaint plainly

[2] Allstate also moves to dismiss the 12 third-party assignor claims as breach of contract claims, but Barry's disclaims the existence of any such claims and clarifies that they sound solely in GBL § 349. Dkt. 20-36 at 2.

relies on them heavily. Dkt. 20, Ex. A–Z, AA–CC. In contrast, the Court declines to consider Barry's declaration and Exhibits 1 and 2 because it falls outside the materials a court may consider on a Rule 12(b)(6) motion. Dkt. 20-33; *DiFolco* 622 F.3d at 111. Nor may Barry's amend its complaint through statements made in opposition papers. *See Haczynska v. Mt. Sinai Health System, Inc.*, 738 F. Supp. 3d 300, 317 n.11 (E.D.N.Y. 2024).

a. Time Bar on Breach of Contract Claims

As an assignee of breach of contract claims, Barry's right is limited by the Allstate policies that bound the insured. *Corbett v. Firstline Sec., Inc.*, 687 F. Supp. 2d 124, 129 (E.D.N.Y. 2009). Under the Allstate policies, actions against Allstate are limited to those "commenced within one year after the date of loss." Dkt. 20, Ex. A at 23, Ex. B at 17, Ex. C at 18. Generally, courts have not found one-year contractual statute of limitation to be unconscionable. *See Franco Apparel Group, Inc. v. Natl. Liab. & Fire Ins. Co.*, 481 Fed. Appx. 694, 695 (2d Cir. 2012).

Whether the statute of limitation has run on 24 out of 49 breaches of contract claims depend on the meaning of "date of loss." On this, the Second Circuit relying on *Steen v. Niagara Fire Ins. Co.*, 89 N.Y. 315 (N.Y. 1882), clarified that an ambiguous term like "date of loss" should be construed to signify the date on which the claim accrues, not the date on which damage as incurred. *Fabozzi v. Lexington Ins. Co.*, 601 F.3d 88, 93 (2d Cir. 2010); *see also Mercedes-Benz Fin.*

*Services USA, LLC v. Allstate Ins. Co.*, 77 N.Y.S.3d 782, 784 (N.Y. App. Div. 3d Dept. 2018).

Here, the complaint and the exhibits incorporated into it do not allow the Court to determine when the claims accrued. Allstate argues that, even if "date of loss" means the accrual date, Barry's implicitly concedes that 19 of the 24 claims are untimely because its final bills bear "committed on" dates. *See* Dkt. 20-37 at 5 (citing Ex. D). But a date on the bill shows, at most, when Barry's invoiced the work, not when Allstate breached. Nothing in the complaint or the exhibits establishes when Allstate denied or underpaid each claim.

Because the statute of limitations is an affirmative defense, dismissal under Rule 12(b)(6) is appropriate only where the defense is apparent on the face of the complaint. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). It is not apparent here. Accordingly, Allstate's motion to dismiss the 24 breaches of contract claims as time-barred is DENIED.

b. Improper Defendant on Breach of Contract Claims

Allstate also moves to dismiss two first-party assignor claims because the policies at issue were issued by Allstate Property & Casualty Insurance Company and Allstate New Jersey Property & Casualty Insurance Company, neither of which is a named defendant. A non-signatory to a contract cannot be sued for its breach unless it assumed or was assigned the contract. *See Crabtree v. Tristar*

*Auto. Grp., Inc.*, 776 F. Supp. 155, 166 (S.D.N.Y. 1991). The policies define the issuer as "the company shown on the Policy Declarations," Dkt. 20, Ex. A at 20, Ex. B at 15, Ex. C at 5, and the relevant exhibits identify Allstate Property & Casualty Insurance Company and Allstate New Jersey Property & Casualty Insurance Company as the issuers of the relevant policies. Dkt. 20, Ex. BB, CC.

It is a well settled principle that a parent corporation is not liable for acts of its subsidiaries unless plaintiff can demonstrate exceptional circumstances to pierce the corporate veil and permit liability of the parent on behalf of its subsidiary. *Analect LLC v. Fifth Third Bancorp,* 636 F. Supp. 2d 181, 192 (E.D.N.Y. 2008) (citing to *Parnell v. Tremont Capital Mgt. Corp.,* 280 Fed. Appx. 76, 76–78 (2d Cir. 2008)). Barry's responds that the Allstate entities are effectively one entity, but that argument rests entirely on the declaration the Court has declined to consider *supra*. *See* Dkt. 20-33. The complaint itself does not allege facts that would support disregarding corporate separateness. *See Parnell,* 280 Fed. Appx. At 76–78 (2d Cir. 2008). Accordingly, the motion to dismiss these two claims is GRANTED.

c. GBL § 349 Claims

To successfully assert a claim under GBL § 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly

deceptive act or practice." *Koch v. Acker, Merrall & Condit Co.,* 18 N.Y.3d 940, 944 (N.Y. 2012).

First, the complaint plausibly alleges consumer-oriented conduct. Private contract disputes unique to the parties fall outside § 349, *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995), but an insurer's handling of claims under standard-form policies is consumer-oriented where similar practices are alleged against multiple insureds. *See Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 51–53 (2d Cir. 1992); *Nick's Garage*, 875 F.3d at 124–125. Barry's alleges that Allstate applied the same estimating practices and the same misrepresentation across each of the 61 claims. Compl. ¶¶ 21–25.

Second, the complaint plausibly alleges materially misleading conduct. Barry's alleges that Allstate told assignors another shop would restore their vehicles for the estimated amount, when no other shop had inspected the vehicles or agreed to the estimates. Compl. ¶ 25. A statement of that kind is likely to mislead a reasonable consumer. That the allegation is made on information and belief does not defeat it, because facts about Allstate's communications with other shops are peculiarly within Allstate's knowledge. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010).

Third, Allstate argues that Barry's injury is derivative of its assignors' injuries. That argument addresses a non-consumer suing in its own right. *See City of New York v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616, 622 (2009). Barry's also sues as assignee, standing in its assignors' shoes, and the assignors' alleged injury, receiving less than the cost of a proper repair, is not derivative of anyone else's. Compl. ¶¶ 24, 28-29, 36-38. Nor must that injury be independent of the contract damages. *Nick's Garage*, 875 F.3d at 125. Accordingly, Allstate's motion to dismiss the GBL § 349 claims is DENIED.

## III. Conclusion

In sum, Defendant's motion is **GRANTED** as to two claims with wrong defendants (Cummings, Vourlos Claims) and **DENIED** as to rest of Plaintiff's Claims.

**SO ORDERED.**

_/S/ Frederic Block_________
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 20, 2026